# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Olatutu Oni-Orisan,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>Hartford Dispensary,<br><br>　　　Defendant. | No. 3:15-cv-430 (MPS) |

### Memorandum and Order

Plaintiff Olatutu Oni-Orisan has brought race discrimination, disability discrimination, and retaliation claims against her former employer, Defendant Hartford Dispensary (the "Dispensary"), a private non-profit organization.  The Dispensary now moves under Fed. R. Civ. P. 12(b)(1) to dismiss Count One of Oni-Orisan's complaint, which asserts retaliation in violation of Conn. Gen. Stat. § 31-290a.  That provision prohibits employers from discharging or otherwise discriminating against an employee because that employee has filed a claim for benefits with the Connecticut Workers' Compensation Commission (the "Commission"), and allows any employee "who is so discharged or discriminated against . . . either" to bring a civil action or to file a complaint with the Commission.  The Dispensary asserts that this Court lacks jurisdiction to address Oni-Orisan's retaliation claim under Section 31-290a because Oni-Orisan initially presented the same claim to the Commission.  Because I agree that Oni-Orisan's initial election to pursue her retaliation claim at the Commission ousts this Court of jurisdiction under Section 31-290a, I GRANT the Dispensary's motion to dismiss.

## I.　　　Background

### A. **Allegations**

1

Oni-Orisan's complaint alleges the following facts.  Oni-Orisan is an African American woman who was an employee of the Dispensary.  (Compl. ¶ 2.)  In 2008, Oni-Orisan began working for the Dispensary as a "Counselor II."  (*Id.* at ¶ 6.)  In that position, Oni-Orisan was responsible for "counseling adults using cognitive behavior therapy and other therapeutic methods regarding substance abuse and co-occurring disorders."  (*Id.* at ¶ 9.)  Clinic Supervisor Jimmy Moutinho supervised Oni-Orisan and eight other Dispensary employees.  (*Id.* at ¶¶ 6–7.)

On June 26, 2011, Oni-Orisan fell while climbing stairs at work.  (*Id.* at ¶ 10.)  She fell back onto the stairs, hitting her head on the concrete wall and her shoulder on a railing.  (*Id.*)  Oni-Orisan informed Senior Counselor Alton Gray about the incident the same day.  (*Id.* at ¶ 11.)  After work, Oni-Orisan experienced headaches and pain in her neck and shoulder.  (*Id.* at ¶ 12.)  A doctor who examined Oni-Orisan on June 27, 2011, diagnosed Oni-Orisan with a concussion and sent her to the hospital, where she was further diagnosed with post-concussion syndrome.  (*Id.* at ¶¶ 13–14.)  She continues to experience light sensitivity, headaches, and neck and shoulder pain.  (*Id.* at ¶ 14.)

Oni-Orisan filed a claim for benefits under the Connecticut Worker's Compensation Act, under which she was temporarily designated as totally disabled.  (*Id.* at ¶¶ 16–17.)  On December 27, 2011, her physician permitted her to return to part-time work at the Dispensary.  (*Id.* at ¶ 17.)  During that time, unnamed representatives of the Dispensary contacted Oni-Orisan and threatened to terminate her unless she returned to work full-time.  (*Id.* at ¶ 18.)  She also received a letter on July 25, 2012, informing her that the Dispensary "cannot continue this arrangement indefinitely as it is impacting patient care and has placed additional significant burdens on your co-workers."  (*Id.*)  Upon Oni-Orisan's return to part-time work, Moutinho treated her "differently" than other non-disabled counselors by complaining that Oni-Orisan was not

sufficiently responsive to her emails and by subjecting her to "hyper-scrutiny and unwarranted criticism" regarding client files and timeliness.  (*Id.* at ¶ 19–21.)  Moutinho did not discipline at least two non-disabled, non-African American employees for tardiness or filing late or falsified time sheets.  (*Id.* at ¶ 21.)

During July and August 2013, Oni-Orisan took sick days from work because she was experiencing headaches as a result of her post-concussion syndrome.  (*Id.* at ¶ 22.)  After Oni-Orisan informed Moutinho that her treating neurologist was considering placing her back on medical leave, Moutinho began regularly reviewing her client files and requiring her to conduct "quality improvement chart audits."  (*Id.* at ¶ 25.)  Mountinho did not engage in similar scrutiny of other employees, including two non-disabled, non-African American counselors who either failed to complete or lost client files.  (*Id.* at ¶ 26.)  On July 18, 2013, Moutinho warned Oni-Orisan about her "tardiness."  (*Id.* at ¶ 27.)  On September 24, 2013, Moutinho recommended terminating Oni-Orisan on the basis that she had been tardy and had falsified her checklists.  (*Id.* at ¶ 28.)  The Dispensary terminated Oni-Orisan on September 30, 2013.  (*Id.* at ¶ 29.)

## B.  <u>Procedural History</u>

The following procedural history is based on the exhibits the parties have submitted along with their memoranda.[1]  On October 15, 2013, Oni-Orisan's attorney, Neil Johnson, wrote to Workers' Compensation Commission Chairman John Mastropeitro and requested that a wrongful termination and discrimination matter be assigned to a Commissioner.  (Def.'s Mtn. Ex. B.)  On November 5, 2013, Chairman Mastropietro assigned the Section 31-290a claim to the Eighth District, a branch of the Commission, "for a hearing or other appropriate action." (Def.'s Mtn. Ex. C.)  Informal hearings addressing Oni-Orisan's Section 31-290a claim were

---

[1] In addressing a jurisdictional challenge under Fed. R. Civ. P. 12(b)(1), the Court "may consider evidence outside the pleadings."  *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations and internal quotation marks omitted).

held on December 26, 2013, April 7 and 24, 2014, and June 23, 2014.  (Def.'s Mtn. Exs. D–G.)

At some point during this period, Attorney Jeremy Brown began representing Oni-Orisan before

the Commission.  After December 2014, however, the Commission stopped addressing the

Section 31-290a claim in Oni-Orisan's informal hearings.  (*See* Pl.'s Opp. Exs. 3–5.)

Oni-Orisan filed suit against the Dispensary in this Court on March 24, 2015.  On June

30, 2015, Attorney Brown sent a letter to the Commission informing it that he did not represent

Oni-Orisan in her Section 31-290a claim, and requesting that the claim be withdrawn.  (Pl.'s

Opp. Ex. 2.)  According to Attorney Brown, Oni-Orisan's pending case before the Commission

no longer includes any Section 31-290a claim.  (Pl.'s Opp. Ex. 1 ¶ 12.)  According to Attorney

Alice Detora, who represents the Dispensary before the Commission, Oni-Orisan's Section 31-

290a claim is still pending before the Commission.  (Def.'s Reply Ex. I ¶ 2.)[2]

## II.      Discussion

The complaint asserts three causes of action: (1) retaliation against Oni-Orisan for her

filing of a worker's compensation claim, in violation of Conn. Gen. Stat. § 31-290a; (2)

disability discrimination under the Rehabilitation Act; and (3) race discrimination under the Civil

Rights Act.  The Dispensary moved to dismiss Count One, arguing that this Court lacks

jurisdiction to hear that claim because Oni-Orisan previously asserted the same claim before the

Commission.  (ECF No. 15.)  I find that Section 31-290a(b) requires Oni-Orisan to make a one-

time election of remedies and that her initial election to proceed at the Commission – regardless

of whether the claim is still pending there – deprives this Court of jurisdiction over that claim.

### A.  <u>Legal Standard</u>

---

[2] I need not resolve this dispute.  As explained below, I conclude that Oni-Orisan's initial election to bring her Section 31-290a claim before the Commission ousts this Court of jurisdiction, even if she later withdrew that claim.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. . . . In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Morrison*, 547 F.3d at 170 (citations and internal quotation marks omitted).

### B.  Choice of Forum Under Conn. Gen. Stat. § 31-290a(b)

Conn. Gen. Stat. § 31-290a(a) prohibits an employer from discharging or in any manner discriminating against an employee "because the employee has filed a claim for workers' compensation benefits." Conn. Gen. Stat. § 31-290a(b) provides a private cause of action for an employee who "is so discharged or discriminated against," and allows the employee "either" to sue in court or to file a complaint with the Commission:

> Any employee who is so discharged or discriminated against may either: (1) Bring a civil action in the superior court for the judicial district where the employer has its principal office . . . or (2) file a complaint with the chairman of the Workers' Compensation Commission alleging violation of the provisions of subsection (a) of this section. . . . Any party aggrieved by the decision of the commissioner may appeal the decision to the Appellate Court.

Conn. Gen. Stat. § 31-290a(b). Several Connecticut trial courts have found that this language prescribes an exclusive forum election scheme in which a plaintiff's choice of one forum precludes him or her from asserting the same retaliation claim in the other. As the court in *Sousa v. Quest Diagnostics, Inc.* stated,

> Although there is no appellate authority extensively discussing this forum selection language, trial courts addressing this issue have almost universally concluded that the plain language of § 31-290a(b) requires an employee to select either the workers' compensation commission or the superior court when making a § 31-290a(a) claim. . . . This court agrees . . . that [the] plain language of § 31-

> 290a(b) requires a plaintiff to select either the commission or the Superior Court
> to file his or her claim and that, having done so, may not then file a second action
> in the alternative forum.

No. CV-08-4036611-S, 2008 WL 5540358, at *2–3 (Conn. Super. Ct. Dec. 11, 2008) (citations omitted).  The majority of Connecticut trial courts have taken this position.  *See, e.g.*, *Ricketts v. Middlesex Hosp.*, No. CV-07-5002634, 2007 WL 3040005, at *1 (Conn. Super. Ct. Sept. 27, 2007) ("Courts construing these provisions have concluded that once an employee selects a particular forum within which to bring his claim under the statute, he may not later attempt to bring the same claim in the alternative forum." (citation and internal quotation marks omitted)); *Thibault v. Costco Wholesale Corp.*, No. CV-96-0333704, 1998 WL 310862, at *3 (Conn. Super. Ct. June 8, 1998) (same); *Fortier v. C&M Tech., Inc.*, No. 99233, 1995 WL 283896, at *3 (Conn. Super. Ct. May 4, 1995) (same); *Caldeira v. State Dep't of Corrs.*, No. CV-92-0449427-S, 1992 WL 110695, at *1 (Conn. Super. Ct. May 11, 1992) ("The plain language of [Section] 31-290a precludes seeking redress in one forum when another forum has already been selected by the plaintiff.").

One Connecticut trial court has found, however, that an initial forum choice under Section 31-290a(b) does not automatically preclude assertion of the same retaliation claim in the alternative forum.  In *Dunn v. EAO Switch Corp.*, the court determined that a plaintiff may switch his or her forum choice under Section 31-290a until the "other party has [] materially changed [its] position in reliance on the original choice."  No. CV-97-339665-S, 1997 WL 730268, at *1 (Conn. Super. Ct. Nov. 12, 1997) (citing Restatement (Second) of Contracts § 378 (1977)).  The majority of courts, however, have not adopted *Dunn*'s analysis.  In fact, Judge Prescott expressly rejected it in *Sousa*, explaining that the policies set forth in the Restatement

(Second) of Contracts were irrelevant to the forum choice provision at issue because it "is not created by a contract but instead is imposed by statute."  2008 WL 5540358, at *3.

I agree with the majority interpretation that Section 31-290a(b) sets forth an irrevocable exclusive forum selection scheme.  As the Dispensary notes in its memorandum, allowing claimants to alter their choice of forum after filing a claim would present an obvious opportunity for forum-shopping, essentially allowing the plaintiff to "test drive" each forum before committing to a final election.  I also agree with Judge Prescott's rejection of *Dunn* for the reason explained above, and because Section 31-290a(b) makes no mention of a "material change" in the defendant's position.

Under the majority interpretation, Oni-Orisan is barred from asserting a Section 31-290a(a) claim in this Court: even if the claim is no longer pending there, the fact that Oni-Orisan brought the claim before the Commission – which then held multiple informal hearings on the claim – triggered the exclusive forum selection scheme.  Oni-Orisan is in the same position as the plaintiff in *Ricketts*, in which the Commission held an informal hearing on the plaintiff's Section 31-290a claim before the plaintiff withdrew the claim and asserted it in Superior Court.  2007 WL 3040005, at *1.  Finding that the plaintiff had presented the Section 31-290a(a) claim to the Commission by filing a request for hearing, Judge Holzberg concluded that the plaintiff could not re-assert the claim in Superior Court.  *Id.* at 2.  Likewise, because Oni-Orisan's attorney sent the Commission a letter requesting a hearing regarding a Section 31-290a claim, and the Commission held multiple informal hearings on that claim, Oni-Orisan is barred from re-asserting her retaliation claim here.

The question remains, however, whether the election of fora required by the statute constitutes a jurisdictional bar or an affirmative defense.[3]

## C.  **Section 31-290a(b) Divests this Court of Jurisdiction over Count One**

The Dispensary contends that this Court lacks jurisdiction over retaliation claims that have been presented first to the Commission.  This contention raises two questions: (1) Would the Connecticut Supreme Court treat Section 31-290a(b) as a bar to the jurisdiction of the state courts? and (2) If so, is it a bar to the jurisdiction of a federal court?  I conclude that the answer to both questions is "yes."  As a result, I grant the Dispensary's motion to dismiss.

### i.    **The Connecticut Supreme Court Would Treat Section 31-290a(b) as a Jurisdictional Bar**

Because neither the Connecticut Supreme Court nor the Connecticut Appellate Court has addressed this issue, I begin with the language of the statute, which states: "Any employee who is so discharged or discriminated against may either: (1) *Bring* a civil action in the superior court for the judicial district where the employer has its principal office . . . or (2) *file* a complaint with the chairman of the Workers' Compensation Commission alleging violation of the provisions of subsection (a) of this section."  Conn. Gen. Stat. § 31-290a(b) (emphasis added).  The italicized language quoted above makes clear that the election of one forum prohibits the employee from *starting* a proceeding in the other.  The restriction operates from the outset – before the employer is served, appears, or asserts any defense – and does not depend on the actions of the defendant. This suggests that the restriction is jurisdictional: it keeps the plaintiff-employee even from entering one forum after he has chosen the other.

---

[3] I must resolve this question because I have relied on material outside the complaint (and attached to the parties' briefs) in setting forth the procedural history that forms the backdrop to the legal issue presented.  As noted, a court may look beyond the complaint in adjudicating jurisdictional issues on a Rule 12(b)(1) motion.  If the election-of-fora requirement in Section 31-290a(b) is not a jurisdictional bar, however, I would likely be required to resolve the issue on summary judgment, after giving notice and affording the parties an opportunity to submit further material. *See* Fed. R. Civ. P. 56(f); 12(d).

The apparent purpose of the forum election scheme likewise suggests that it was intended as a jurisdictional bar.  By making the employee's election irrevocable, the statute preserves judicial and administrative resources and avoids duplication of effort.  *See Sousa*, 2008 WL 5540358, at *3 (noting that construction of § 31-290a(b) allowing "plaintiff to first file the claim in one forum and then subsequently file it in the other forum . . . . would needlessly promote the waste of precious judicial and/or administrative resources and the court will not construe a statute to yield such an absurd result." (citation omitted)).  But treating the election requirement as an affirmative defense would defeat that purpose, because it would mean that defendant employers could choose to waive the defense – something they might choose to do if they, too, wanted to switch fora after an initial "test drive."  Treating the election requirement as a jurisdictional bar thus furthers its design of promoting judicial/administrative economy.

Connecticut trial courts are not in agreement as to whether Section 31-290a(b)'s exclusive forum election scheme operates as a jurisdictional bar or an affirmative defense.  The *Sousa* court considered Section 31-290a(b) jurisdictional, inasmuch as it granted the motion to dismiss,[4] but it did not elaborate on this issue.  *See* 2008 WL 5540358, at *2.  The *Thibault* and *Fortier* courts addressed the election requirement of Section 31-290a(b) in the context of motions for summary judgment, but that does not mean they viewed the requirement as a substantive defense.  Connecticut courts allow adjudication of jurisdictional issues on summary judgment.  *Manifold v. Ragaglia*, 94 Conn. App. 103, 117 (2006) ("Although a motion to dismiss is certainly the preferred means of challenging the court's subject matter jurisdiction, we know of no authority for the proposition that subject matter jurisdiction can *never* be challenged

---

[4] In Connecticut courts, a motion to dismiss is reserved for jurisdictional challenges.  Conn. Practice Book § 10-30(a) ("A motion to dismiss shall be used to assert: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) insufficiency of process; and (4) insufficiency of service of process."); *Sousa*, 2008 WL 5540358, at *2 ("A motion to dismiss is properly used to claim lack of jurisdiction over the subject matter of the action." (citation omitted)).

through any other procedural vehicle, most importantly by means of a motion for summary judgment." (emphasis in original) (footnote omitted)).

In *Baldassario v. Plimpton & Hills Corp.*, No. CV-92-0512755, 1993 WL 11964 (Conn. Super. Ct. Jan. 19, 1993), however, the court concluded that Section 31-290a(b) is not a jurisdictional bar.  In reaching that conclusion, the court relied heavily on the Connecticut Supreme Court's decision in *Grant v. Bassman*, 221 Conn. 465 (1992).  In *Grant*, the court reviewed the trial court's dismissal – for lack of subject matter jurisdiction – of a plaintiff's claim against his employer, seeking damages for personal injuries incurred on the job.  *Id*. at 465. The trial court had held that Conn. Gen. Stat. § 31-284(a), which shields employers from damages for workplace injuries suffered by their employees as long as the employers comply with the workers' compensation law, deprived the court of jurisdiction over plaintiff's lawsuit arising from an on-the-job injury.  *Id.* at 466, 468–69.  The Connecticut Supreme Court reversed, holding that the statute did not impose a jurisdictional bar:

> [The statute] is not at all a denial of jurisdiction in the Superior Court, as such, but basically a destruction of an otherwise existent common-law right of action. . . . The confusion, if there be any, arises from the fact that the compensation procedure which is substituted for the common-law right of action involves a special tribunal, rather than the Superior Court.  However, this is a mere incident of the destruction of the common-law right of action.  In other words, there is not a lack of jurisdiction in the court but a want of a cause of action in the plaintiff.

*Id.* at 471–72 (emphasis omitted) (citation and internal quotation marks omitted).  The court in *Baldassario* relied on the reasoning in *Grant* in determining that Section 31-290a(b) does not operate as a jurisdictional bar.  1993 WL 11964, at *2 ("Under *Grant v. Bassman*, the defendant must raise its claim [under Section 31-290a(b)] through a special defense, not a motion to dismiss.").

I disagree with the *Baldassario*'s court's conclusion because the provision at issue in *Grant*, Section 31-284(a), differs from Section 31-290a(b) in material ways.  Section 31-284(a) eliminates certain employers' liability for damages "on account of personal injury sustained by an employee arising out of and in the course of his employment," and provides a substitute remedy through the workers' compensation scheme.  Conn. Gen. Stat. § 31-284(a) ("All rights and claims between an employer who complies with [the obligations imposed on employer by the workers' compensation law] and employees . . . arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter . . .").  In other words, Section 31-284(a) eliminates a common law cause of action and replaces it with an administrative remedy.  By contrast, Section 31-290a(b) creates a cause of action that did not exist at common law – a claim of retaliation for seeking workers' compensation benefits – and provides a choice of forum in which the cause of action may be brought; but, as discussed, it makes that choice irrevocable and exclusive.  In short, the decision in *Grant* was based on a very different statute than the one at issue here, and thus does not call for treating the election requirement in Section 31-290a(a) as an affirmative defense.

Section 31-290a(b) prevents a court from entertaining a retaliation claim that has already been presented to the Commission.  As a result, I predict that the Connecticut Supreme Court would conclude that it limits the court's jurisdiction.  As a matter of Connecticut law, then, Section 31-290a(b) operates as a jurisdictional bar.

### ii.      Section 31-290a(b) Deprives this Court of Jurisdiction over Count One

Because Section 31-290a(b) would divest a Connecticut court of subject matter jurisdiction to address Count One, it has the same effect on this Court's jurisdiction.  "[A] state law depriving its court of jurisdiction over a state law claim also operates to divest a federal

court of jurisdiction to decide the claim." *Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 884 (2d Cir. 1995) (citation omitted).  In *Moodie*, the Second Circuit addressed a similar jurisdictional issue arising under an analogous New York state law.  There, Moodie sued for race and age discrimination after the Federal Reserve Bank of New York terminated him.  He first filed a complaint with the New York State Division of Human Rights, but his claims were dismissed.  Moodie then sued in federal court, asserting federal and state law claims.  After a mistrial, the Reserve Bank moved to dismiss the state law claim for lack of jurisdiction.  The state statute under which the state law claim arose included an "election of remedies provision." The Reserve Bank argued that Moodie was barred from bringing the state law claim in federal court because of his initial election to seek relief in the Division of Human Rights.  *Id.* at 881. Moodie responded that the provision at issue provided an affirmative defense, not a jurisdictional bar, and that the Reserve Bank had waived the defense by asserting it so late.  The district court dismissed the state law claim for lack of jurisdiction, and Moodie appealed.

> The provision at issue stated:
>
> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights . . .

N.Y. Exec. Law § 297(9).  The Second Circuit reviewed New York state case law and concluded that the Section 297(9) operated as a jurisdictional bar because it deprived the courts of the ability even to entertain the claim.[5]  Because that provision would divest a state court of jurisdiction over the state law claim, the Second Circuit court held, a federal court lacks jurisdiction over the same claim.  *Id.* at 884.

---

[5] While the Second Circuit relied on New York case law in making this determination, the analysis mirrors that of Connecticut law – discussed in the preceding section – in considering whether a defense is jurisdictional or substantive.  *See Moodie*, 58 F.3d at 882 (emphasizing statutory language concerning the forum in which an action may be "commenced" or "initiated" in concluding that the statute imposed a jurisdictional bar).

Oni-Orisan's case presents this situation.  As a matter of state law, the Connecticut Superior Court would lack jurisdiction to address Count One because she has already presented the claim to the Commission.  "In applying [supplemental] jurisdiction, federal courts are bound to apply state substantive law to the state claim. . . . If a state would not recognize a plaintiff's right to bring a state claim in state court, a federal court exercising [supplemental] jurisdiction, standing in the shoes of a state court, must follow the state's jurisdictional determination and not allow that claim to be appended to a federal law claim in federal court."  *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 257 (2d Cir. 1991) (citation omitted); *see also Stanley v. Muzio*, 578 F. Supp. 2d 443, 446 (D. Conn. 2008) ("[W]here state law deprives the state courts of jurisdiction to entertain a certain claim, the federal court also lacks jurisdiction over that claim." (citation omitted)).  As a result, this Court lacks jurisdiction to address Count One.

### III.    Conclusion

This Court lacks subject matter jurisdiction over Count One.  For that reason, the Dispensary's motion to dismiss is GRANTED and Count One is DISMISSED.

IT IS SO ORDERED.

                                                          /s/
                                                          Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                February 25, 2016